# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-30435

United States Court of Appeals
Fifth Circuit

**FILED**

July 19, 2016

Lyle W. Cayce
Clerk

ERIC BORCIK,

> Plaintiff - Appellant

v.

CROSBY TUGS, L.L.C.,

> Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CV-6212

Before REAVLEY, JOLLY, and ELROD, Circuit Judges.

PER CURIAM:*

Eric Borcik brought this whistleblower suit against Crosby Tugs, alleging that Crosby had fired him in retaliation for reporting environmental violations. Under Louisiana law, Borcik can only recover if he reported the violation in "good faith." La. Stat. Ann. § 30:2027. The case was tried to a jury, which was instructed that Borcik lacked good faith if he "report[ed] [the violation] either to seek an unfair advantage or to try to harm his employer or

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

another employee." The jury found via special interrogatory that Borcik did not report the violation in good faith, resulting in a defense verdict. Borcik now appeals, arguing that the district court misinterpreted the statutory term "good faith."

Because the Louisiana Supreme Court has not addressed the meaning of "good faith" and because other Louisiana courts have not provided enough guidance to inform our *Erie* guess, we certify the question of the meaning of "good faith" to the Louisiana Supreme Court.

## I.

Eric Borcik was employed by Crosby Tugs as a deckhand. While working on the motor vessel Nelda Faye, Borcik claims that Captain Ronnie LeBlanc repeatedly ordered him to dump oil and otherwise violate environmental laws over a period of three years. Borcik followed these orders.

In May 2013 Borcik emailed Crosby's Chief Administrator Officer, Tara Crosby Cheramie. His email stated:

> Ms. Crosby [Cheramie], my name is Eric Borcik. I am a very grateful employee. I would like to ask for a face-to-face meeting. I have some concerns that I feel need your attention. I have tried to address them with captain, relief captain, and the wheelman. They have all fallen on deaf ears. Every time I bring up one of my concerns, it is followed by harsh criticism and some form of verbal harassment and never addressed. Usually the response is, that is the way it is; if you don't like it, find another job boat. Crosby has plenty of boats.
>
> I hope this will remain in confidence between us for now. If not, I fear some form of retaliation. I truly enjoy the boat I am on and just wish to have my concerns addressed in a professional manner.

After this email, Borcik met with Cheramie in person. The parties and witnesses dispute what took place at this meeting. Borcik testified that he talked with Cheramie about his concerns about safety, inadequate training, and violations of environmental laws. Conversely, Cheramie testified Borcik

No. 15-30435

"was really just complaining about [Captain] LeBlanc, that he didn't feel that he deserved to be the lead captain on the vessel, that he would have liked someone else to be the lead captain, that he would like to be transferred vessels. Then he vaguely mentioned a safety issue of dumping oil." The parties agree that, after this meeting, Borcik was transferred to another boat.

A month later, Borcik was fired. Borcik contends he was fired in retaliation for his complaints; Crosby contends that Borcik was fired for insubordination. After being fired, Borcik sued, alleging retaliatory termination in violation of Louisiana Environmental Quality Act, Louisiana Revised Statutes 30:2027. This statute provides that

> No . . . business . . . shall act in a retaliatory manner against an employee, acting in good faith, who does any of the following: (1) Discloses, or threatens to disclose, to a supervisor or to a public body an activity, policy, practice of the employer . . . that the employee reasonably believes is in violation of an environmental law, rule, or regulation.

*Id.* The case proceeded to trial and, with the agreement of both parties, the court instructed the jury that:

> There are four requirements for the plaintiff to be successful in this lawsuit under the Louisiana Environmental Whistleblower Act: 1) *employee acts in good faith*; 2) employee reports or threatens to report, to a supervisor an environmental violation of a boat captain employed by the defendant; 3) employee reasonably believes this activity, policy, or practice of the boat captain is in violation of an environmental law, and 4) employer acts in a retaliatory manner because the employee reported, or threatened to report, a violation.

The parties disagreed about how "good faith" should be defined, however. Crosby proposed the definition of "[g]ood faith means that Plaintiff had no intent to seek an unfair advantage or harm another party in making his report of an environmental violation." Borcik objected to that definition and proposed

3

his own: "A finding of good faith means that the Plaintiff had an honest belief that an environmental violation occurred."

The district court adopted a jury instruction that did not exactly match either of the proposed instructions but that incorporated language from both. The court charged the jury that "'good faith' means that the plaintiff had an honest belief that an environmental violation occurred and that he did not report it either to seek an unfair advantage or to try to harm his employer or another employee." When given an opportunity to orally object, Borcik did so, saying:

> The other objection, Your Honor, is that there is a definition of good faith at the bottom of page 9. . . . We object to that because it misstates the law that's taken from a Louisiana Fourth Circuit Court of Appeal case called *Overton*, where it talked about seeking unfair advantage or defraud. This isn't a case involving defrauding, and harm is certainly less than defrauding. We're concerned that it would mislead the jury, so we just want to register our objection to that.

The district court overruled this objection.

In closing argument, Crosby focused specifically on this definition. It argued that Borcik "wanted to get [Captain] Ronnie LeBlanc in trouble" and that "if you conclude that's why he made this complaint, to get an unfair advantage, or to harm Captain LeBlanc or anyone else, then you've got to dismiss this case. That's what the Judge will instruct you after I sit down."

The court provided the jury with a verdict form that asked the jury to answer a series of questions. The first question asked, "Do you find from a preponderance of the evidence that Eric Borcik reasonably believed the activity which he reported was in violation of an environmental law?" The jury checked "yes." The second question asked, "Do you find from a preponderance of the evidence that Eric Borcik make his report in good faith?" The jury checked "no." The form instructed the jury to "sign and return th[e] form without

answering any other questions" if they checked no.  Accordingly, the jury did not answer the questions about causation, damages, or whether Borcik committed the violation without direction from his supervisor.  Based on this verdict form, the court entered a judgment for Crosby; Borcik appealed.

## II.

The Louisiana Environmental Quality Act does not define "good faith" and the Louisiana Supreme Court has never addressed the issue.  Thus, the only relevant Louisiana case addressing "good faith" is *Overton v. Shell Oil Co.*[1]  *Overton*, also a whistleblower case, involved a whistleblower who, troubled by repeated environmental violations, cooperated with federal authorities; as a consequence, armed federal agents raided the worksite; Overton was subsequently discharged.  *Id.* at 410–13.  *Overton* held that "[t]he employee claiming protection under the Whistleblower Statute must show that he was acting in good faith."  *Id.* at 411.  The court then went on to quote two definitions of "good faith" without adopting either:

> Barron's Law Dictionary defines good faith as "a total absence of any intention to seek an unfair advantage or to defraud another party; an honest and sincere intention to fulfill one's obligations." BARRON'S LAW DICTIONARY 220 (4th ed. 1996).  Black's Law Dictionary states that good faith is an "intangible and abstract quality with no technical meaning or statutory definition." BLACK'S LAW DICTIONARY 693 (6th ed.1990).  "[A]n honest belief, the absence of malice and the absence of design to defraud or to seek unconscionable advantage . . . ." *Id.*

*Overton*, 937 So. 2d at 411.

---

[1] Borcik cites some additional cases dealing with good faith.  These cases, however, are inapposite because they discuss good faith in contexts that call for a context-specific definition of the term.  *See, e.g.*, *Smith v. Our Lady of the Lake Hosp., Inc.*, 639 So. 2d 730, 749 (La. 1994) (qualified immunity context); *Rouly v. Enserch Corp.*, 835 F.2d 1127 (5th Cir. 1988) (defamation context).

The *Overton* court concluded that "[a]fter reviewing all of the evidence in the record, we cannot find that the trial court manifestly erred [in determining that] Mr. Overton appeared to be acting in good faith because he was acting without malice and without any intentions of obtaining an unfair advantage or of defrauding anyone." *Id.* at 413. Thus, *Overton* does not, at any point, provide a generalized definition of "good faith" under Louisiana law. Instead, it holds only that Overton was acting in good faith under the facts before the court.

Based on *Overton*'s limited guidance, we are not prepared to speculate about how the Louisiana Supreme Court would define "good faith" as it is used in the whistleblower statute. It may be that Louisiana would, like Texas and several other states, define "good faith" broadly, for example as encompassing any situation in which an employee has a reasonable belief that a law has been broken. *See, e.g.*, *Wichita Cty., Tex. v. Hart*, 917 S.W.2d 779, 784–85 (Tex. 1996) ("'Good faith' means that (1) the employee believed that the conduct reported was a violation of law and (2) the employee's belief was reasonable in light of the employee's training and experience."). Conversely, the Louisiana Supreme Court might define "good faith" narrowly and thereby exclude situations in which employees act at least partly out of a desire to harm their employer or fellow employees (as the jury found Borcik acted).

Given similar lack of guidance we have previously held that certification is appropriate. Given that "this is a question of state law that no on-point precedent from the Supreme Court of [Louisiana] has resolved, that the Supreme Court of [Louisiana] is the final arbiter of [Louisiana]'s law, and that the meaning of '[good faith]' is central to this case . . . , we believe it is best to certify the question at issue." *Janvey v. Golf Channel, Inc.*, 792 F.3d 539, 547 (5th Cir. 2015), *certified question accepted* (July 17, 2015), *certified question answered* 487 S.W.3d 560 (Tex. 2016).

No. 15-30435

### III.

This case satisfies the requirements for certification under La. Stat. § 13:72 and Rule 12 of the Louisiana Supreme Court Rules. Specifically, the outcome of this case will be determined by the resolution of a question of Louisiana law (the meaning of "good faith" in the Louisiana Environmental Quality Act); this question is independent of any other questions in the case; and there are "no clear controlling precedents" from the Louisiana Supreme Court. Sup.Ct. of La R. XII. Accordingly, we hereby CERTIFY the question to the Louisiana Supreme Court.

In conformity with Rule XII, § 3, we include the style of the case, a statement of the facts, and the exact question of law to be answered. The style of the case is *ERIC BORCIK, Plaintiff-Appellant, v. CROSBY TUGS, L.L.C., Defendant-Appellee.* The "statement of facts, showing the nature of the cause and this circumstance out of which to question[] . . . of law ar[ose]," is provided in Part I, above. The question that we certify to the Supreme Court of Louisiana is:

> What is the meaning of "good faith" as that term is used in the Louisiana Environmental Quality Act, Louisiana Revised Statutes 30:2027?

The Supreme Court of Louisiana need not confine its reply to the precise form or scope of the question certified. We transfer to the Supreme Court of Louisiana the record and appellate briefs with our certification. This panel retains cognizance of this appeal pending the response.

QUESTION CERTIFIED

7