**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 15-30435

United States Court of Appeals
Fifth Circuit

**FILED**
June 1, 2017

Lyle W. Cayce
Clerk

ERIC BORCIK,

> Plaintiff - Appellant

v.

CROSBY TUGS, L.L.C.,

> Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana

Before REAVLEY, JOLLY, and ELROD, Circuit Judges.

PER CURIAM:

Eric Borcik brought this whistleblower suit against Crosby Tugs, alleging that Crosby had fired him in retaliation for reporting environmental violations. Under Louisiana law, Borcik can only recover if he reported the violation in "good faith." La. Stat. Ann. § 30:2027. The case was tried to a jury, which was instructed that "good faith" meant that "the plaintiff had an honest belief that an environmental violation occurred and that he did not report it either to seek an unfair advantage or to try to harm his employer or another employee." The jury found via special interrogatory that Borcik did not report the violation in good faith, resulting in a defense verdict. Borcik appealed,

No. 15-30435

arguing that the district court erred by failing to instruct the jury correctly on the definition of "good faith."

On appeal, we determined that we were not in a position to make an *Erie* guess as to the meaning of "good faith" and certified the following question to the Louisiana Supreme Court:

> What is the meaning of "good faith" as that term is used in the Louisiana Environmental Quality Act, Louisiana Revised Statutes 30:2027?

*Borcik v. Crosby Tugs, L.L.C.*, 656 F. App'x 681, 685 (5th Cir. 2016). The Louisiana Supreme Court accepted the question and answered it as follows:

> The term "good faith," as used in R.S. 30:2027, means an employee is acting with an honest belief that a violation of an environmental law, rule, or regulation occurred.

*Borcik v. Crosby Tugs, L.L.C.*, 2016-1372, --- So. 3d ---, 2017 WL 1716226 (La. 5/3/17).

Based on the definition of the term provided by the Louisiana Supreme Court, the district court erred by instructing the jury that "good faith" required more than "an honest belief that a violation of an environmental law, rule, or regulation occurred."

Accordingly, we remand for such orders and further proceedings as the district court, in its discretion, deems necessary and appropriate.

REMANDED.

2